J-S45011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTONIO ORTIZ | : | |
| | : | |
| Appellant | : | No. 628 EDA 2022 |

Appeal from the Judgment of Sentence Entered January 12, 2022
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0003089-2021

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 13, 2023**

Appellant, Antonio Ortiz, appeals from the January 12, 2022 judgment of sentence entered in the Court of Common Pleas of Lehigh County that imposed an aggregate sentence of 3 to 10 years' incarceration after Appellant pleaded guilty to, *inter alia*, manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance (fentanyl) and receiving stolen property (a firearm).[1]  Appellant's counsel filed an **Anders** brief[2] and a petition to withdraw with this Court.  We grant counsel's petition to withdraw and affirm the judgment of sentence.

_____

[1] 35 P.S. 780-113(a)(30) and 18 Pa.C.S.A. § 3925(a), respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967); **see also Commonwealth v. Santiago** 978 A.2d 349 (Pa. 2009); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

A review of the record demonstrates that at trial court docket number CP-39-CR-0003089-2021 ("Case 3089-2021"), Appellant pleaded guilty to the aforementioned criminal offenses on January 12, 2022. That same day, and as part of the same negotiated plea agreement, Appellant also pleaded guilty to aggravated assault of a police officer and resisting arrest or other law enforcement[3] at trial court docket number CP-39-CR-0001598-2021 ("Case 1598-2021"). At trial court docket number CP-39-CR-0001599-2021 ("Case 1599-2021"), Appellant pleaded guilty to fleeing or attempting to elude a police officer.[4] Finally, at trial court docket number CP-39-CR-0003090-2021 ("Case 3090-2021"), Appellant pleaded guilty to simple assault – fear of imminent serious bodily injury.[5]

Upon accepting Appellant's guilty plea,[6] the trial court sentenced Appellant, that same day, as follows: at Case 3089-2021, Appellant was sentenced to 3 to 10 years' incarceration for possession with the intent to deliver a controlled substance and 12 to 24 months' incarceration for receiving stolen property; at Case 1598-2021, Appellant was sentenced to 2 to 10 years'

---

[3] 18 Pa.C.S.A. §§ 2702(a)(3) and 5104, respectively.

[4] 75 Pa.C.S.A. § 3733.

[5] 18 Pa.C.S.A. § 2701(a)(3).

[6] Appellant accepted a 3-year minimum sentence of total confinement pursuant to the terms of his negotiated plea agreement. The maximum term of confinement was left to the discretion of the trial court. In addition, the Commonwealth agreed to stand silent and allow the trial court to determine whether the aggregate sentence would run concurrently or consecutively to a sentence Appellant was already serving. N.T., 1/12/22, at 6, 16, 28.

incarceration for aggravated assault and 3 to 12 months' incarceration for resisting arrest; at Case 1599-2021, Appellant was sentenced to 3 to 12 months' incarceration for fleeing or attempting to elude a police officer; and at Case 3090-2021, Appellant was sentenced to 6 to 12 months' incarceration for simple assault. The sentences imposed at the aforementioned trial court dockets were to run concurrently, with credit for time served (50 days), and the sentences were to run consecutively to any sentence Appellant was currently serving.[7] Ultimately, Appellant was sentenced to an aggregate term of 3 to 10 years' incarceration, with the aggregate sentence to run consecutively to the sentence Appellant was currently serving, which was 2 to 5 years' incarceration.

On January 19, 2022, Appellant filed *pro se* a "petition *in lieu* of [a] more formal petition to appeal [an] illegal sentence" ("post-sentence motion").[8] A

---

[7] When Appellant pleaded guilty on January 12, 2022, at the aforementioned trial court dockets, he was currently serving a sentence of 2 to 5 years' incarceration, which was imposed at a separate trial court docket.

[8] As discussed in greater detail *infra*, the trial court treated Appellant's *pro se* petition to appeal an illegal sentence as a post-sentence motion. For ease and clarity of reference, we refer to Appellant's *pro se* petition as a post-sentence motion.

The envelope Appellant used to mail his *pro se* post-sentence motion was postmarked January 19, 2022, but was time-stamped as having been filed with the trial court on January 24, 2022. Absent evidence to the contrary, we deem January 19, 2022, the date on which Appellant deposited his post-sentence motion with prison authorities and, pursuant to the prisoner mailbox rule, the date Appellant filed his *pro se* post-sentence motion. ***See Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997) (explaining the

notation on the trial court docket demonstrates that a copy of Appellant's *pro se* post-sentence motion was forwarded to Appellant's counsel *via* electronic mail.

On February 3, 2022, the trial court conducted a hearing on Appellant's *pro se* post-sentence motion. Appellant, his counsel, and counsel for the Commonwealth were present at, and participated in, the hearing. At the conclusion of the hearing, the trial court denied Appellant's *pro se* post-sentence motion. Trial Court Order, 2/3/22.

On February 8, 2022, Appellant filed *pro se* a "petition *in lieu* of [a] more formal petition to appeal, correct, [or] modify [a] sentence" ("*pro se* petition to appeal").[9] The trial court perceived Appellant's *pro se* petition to appeal as a notice of appeal and forwarded the same to this Court. **See** Trial Court Docket at 2/15/22 entry; **see also** Trial Court Order, 2/15/22. Appellant's *pro se* petition to appeal was accepted by this Court as a notice of appeal and docketed at 491 EDA 2022.

---

well-established principle, commonly referred to as the "prisoner mailbox rule," under which a document is deemed filed on the date an inmate deposits the mailing with prison authorities or places it in the prison mailbox).

[9] The envelope used to mail Appellant's *pro se* petition to appeal is postmarked February 8, 2022. Therefore, pursuant to the prisoner mailbox rule, we deem February 8, 2022, the date on which Appellant filed his *pro se* petition to appeal. The *pro se* petition to appeal is time-stamped as having been received by the trial court on February 11, 2022, and docketed with the trial court on February 15, 2022. The trial court docket reveals that a copy of the *pro se* petition to appeal was provided to Appellant's counsel *via* electronic mail.

On February 15, 2022, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Trial Court Order, 2/15/22. A copy of the trial court's February 15, 2022 order was sent to Appellant's counsel *via* electronic mail on February 16, 2022.

On March 2, 2022, Appellant's counsel filed a counseled notice of appeal, which was docketed with this Court at 628 EDA 2022.[10] On March 3, 2022, the trial court ordered Appellant to file a Rule 1925(b) statement. Counsel filed a statement of intent to file an **Anders** brief *in lieu* of a Rule 1925(b) statement on March 10, 2022.[11] On September 6, 2022, counsel filed with this Court an **Anders** brief, as well as a petition to withdraw as counsel for Appellant.

---

[10] On March 2, 2022, Appellant's counsel filed with this Court an application to discontinue the appeal docketed in this Court at 491 EDA 2022. In a March 29, 2022 *per curiam* order, this Court granted the application, and the appeal docketed in this Court at 491 EDA 2022 was discontinued. *Per Curiam* Order, 3/29/22.

[11] On August 19, 2022, the trial court filed a Rule 1925(a) opinion, indicating that Appellant waived all issues on appeal for failure to file a Rule 1925(b) statement. On August 22, 2022, the trial court vacated its Rule 1925(a) opinion. Rule 1925(a) requires the trial court to "file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found." Pa.R.A.P. 1925(a). To date, the trial court has not filed a Rule 1925(a) opinion in the case *sub judice*. Considering the requirement that this Court independently review the record to determine if there is any issue of arguable merit, however, we do not find it necessary to remand this case to the trial court for a filing of a Rule 1925(a) opinion.

Preliminarily, we must review the procedural history of the case *sub judice* to determine whether the March 2, 2022 counseled notice of appeal was timely filed, as the timeliness of an appeal implicates this Court's jurisdiction. **Commonwealth v. Green**, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*) (stating, the timeliness of an appeal implicates this Court's jurisdiction and, as such, this Court may consider the issue of jurisdiction *sua sponte*), *appeal denied*, 882 A.2d 477 (Pa. 2005); **see also** Pa.R.Crim.P. 720(A)(2)(a) and (3) (stating, "[i]f the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence" otherwise, the notice of appeal must be filed within 30 days of the entry of the order deciding the post-sentence motion).

Upon entry of appearance, retained counsel continues to represent a defendant "through direct appeal or until granted leave to withdraw by the court[.]" Pa.R.Crim.P. 120(A)(4). It is well-established that a criminal defendant, such as Appellant, who is represented by counsel, has no constitutional right to hybrid representation in either the trial court or an appellate court. **Commonwealth v. Ellis**, 626 A.2d 1137, 1139 (Pa. 1993).

If hybrid representation occurs at the trial court level, Pennsylvania Rule of Criminal Procedure 576(a) sets forth the procedural requirements for accepting *pro se* filings as follows:

> (4) In any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the

- 6 -

date of receipt, and place the document in the criminal case file. A copy of the time stamped document shall be forwarded to the defendant's attorney and the attorney for the Commonwealth within 10 days of receipt.

(5) If a defendant submits a document *pro se* to a judge without filing it with the clerk of courts, and the document requests some form of cognizable legal relief, the judge promptly shall forward the document to the clerk of courts for filing and processing in accordance with this rule.

Pa.R.Crim.P. 576(a)(4) and (5). A *pro se* filing has no tolling effect. Pa.R.Crim.P. 576 *Comments* (stating, "[t]he requirement that the clerk [of courts] time stamp and make docket entries of the [*pro se*] filing[] only serves to provide a record of the filing, and does not trigger any deadline nor require any response"); **see also Commonwealth v. Jette**, 23 A.3d 1032, 1044 (Pa. 2011) (stating that, "the proper response to any *pro se* pleading is to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion"), *abrogated on other grounds by*, **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021).

Pennsylvania Rule of Criminal Procedure 720 sets forth post-sentence procedures, in pertinent part, as follows:

### Rule 720.  Post-Sentence Procedures; Appeal

**(A)  Timing.**

(1)  Except as provided in paragraphs (C) and (D), a written post-sentence motion shall be filed no later than 10 days after imposition of sentence.

(2)  If the defendant files a timely post-sentence motion, the notice of appeal shall be filed:

(a) within 30 days of the entry of the order deciding the motion;

(b) within 30 days of the entry of the order denying the motion by operation of law in cases in which the [trial court] fails to decide the motion; or

(c) within 30 days of the entry of the order memorializing the withdrawal in cases in which the defendant withdraws the motion.

(3) If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence, except as provided in paragraph (A)(4) [(concerning when the Commonwealth files a timely motion to modify a sentence)].

Pa.R.Crim.P. 720(A)(1-3).

In the instant case, after Appellant was sentenced on January 12, 2022, Appellant filed a *pro se* post-sentence motion while still represented by counsel. In accord with Rule 576, the trial court accepted Appellant's *pro se* post-sentence motion for filing and docketed the same on January 24, 2022.[12] The clerk of courts also sent a copy of the *pro se* post-sentence motion to Appellant's counsel of record.[13] The trial court then acted upon Appellant's

_____

[12] In his *pro se* post-sentence motion, Appellant asserts that his sentence was illegal because it did not conform with the negotiated plea agreement. Post-Sentence Motion, 1/24/22, at ¶1 (stating, Appellant's "sentence was outside the negotiated plea [agreement] where [the trial court] impose[d] a prison term [to run] consecutive[ly, and the] negotiated plea agreement was [for the sentence] to run concurrently").

[13] Appellant's counsel acknowledged at the February 3, 2022 hearing, discussed *supra*, that he received a copy of Appellant's *pro se* post-sentence motion. N.T., 2/3/22, at 2.

*pro se* post-sentence motion by scheduling a hearing on the matter.[14]  In

denying Appellant's *pro se* post-sentence motion, the trial court stated,

> So at this point, [Appellant], the motion that you have filed is called a petition to appeal an illegal sentence.  I am going to deny that motion because there is nothing that is illegal about this [sentence based upon a review of] the sentencing sheets[] I complied with the plea agreement [] that you had.  If you wish to file an appeal, you are able to do that.  If you want to file a motion to withdraw the plea, you can do that.  That is a separate petition that you can go through the same procedure that you went through with this one to file.  I will review this.  I will determine if there is any basis for me to grant those.  If not, I will inform you if I deny them and you can take the appeal from there.
>
> If any other motion is filed, I will also consider whether it is necessary to appoint any other conflict counsel for you.  But at this point, I don't see any basis to grant your petition to appeal an illegal sentence.  Do you understand all that, [Appellant]?

N.T., 2/3/22, at 10-11.

Typically, Appellant's *pro se* post-sentence motion would be a legal nullity because he was represented by counsel when he filed it.  ***See*** Pa.R.Crim.P. 120(A)(4); ***see also Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa. Super. 2007) (stating, a *pro se* post-sentence motion filed by a defendant who is represented by counsel is a legal nullity).  After Appellant filed his *pro se* post-sentence motion, and a copy was provided to his counsel pursuant to Rule 576, however, the trial court acted on the *pro se*

_____

[14] A scheduling order for the February 3, 2022 was not entered on the docket and is not part of the certified record.  Notice of the hearing, however, was received by Appellant, Appellant's counsel, and the Commonwealth because all three parties appeared at the hearing.  ***See generally*** N.T., 2/3/22.

post-sentence motion by scheduling, and holding, a hearing on the matter contrary to Rule 576 and relevant case law, as discussed *supra*.[15] By taking action on the *pro se* filing, the trial court signaled that Appellant's *pro se* post-sentence motion had been accepted by the trial court and was sufficient to permit review contrary to the long-standing principle against hybrid representation as set forth in **Ellis**, **supra**, and its progeny, as well as Rule 576.[16]

At the February 3, 2022 hearing, Appellant's counsel did not seek permission to file a revised post-sentence motion or to withdraw as counsel for Appellant. Instead, counsel summarized for the trial court the basis of Appellant's *pro se* post-sentence motion, as well as the argument counsel put forth at the time of Appellant's sentencing whereby he requested that the trial court impose an aggregate sentence in the case *sub judice* to run concurrently with the sentence Appellant was already serving. N.T., 2/3/22, at 2-5 (stating, "[t]hat was my request to the [trial c]ourt to run [Appellant's sentences] concurrently with one another"). In so asserting, Appellant's

---

[15] The proper course for the trial court to have taken would have been to refrain from acting upon Appellant's *pro se* post-sentence motion.

[16] The trial court's comments directed towards Appellant at the time the trial court denied Appellant's *pro se* post-sentence motion, *i.e.*, "That is a separate petition that **you can go through the same procedure that you went through with this one to file**" (emphasis added), as noted *supra*, suggests that Appellant was permitted to continue to submit *pro se* filings despite his being represented by counsel, which is in direct contradiction to the principle disallowing hybrid representation.

counsel adopted Appellant's *pro se* post-sentence motion and transformed it into a counseled post-sentence motion. Therefore, Appellant's post-sentence motion and the trial court's order denying the same do not offend the considerations of hybrid representation. ***Commonwealth v. Mason***, 130 A.3d 601, 671 (Pa. 2015) (acknowledging that, when counsel receives proper notice of a *pro se* filing pursuant to Rule 576(a)(4) and subsequently adopts the *pro se* filing, the trial court shall give force to the *pro se* filing without offending considerations of hybrid representation), *relying on* ***Commonwealth v. Cooper***, 27 A.3d 994 (Pa. 2011).

Considering Appellant filed a timely post-sentence motion and the trial court denied the same on February 3, 2022, the notice of appeal filed by Appellant's counsel on March 2, 2022 was timely filed thereby perfecting jurisdiction with this Court. Pa.R.Crim.P. 720(A)(2)(a) (stating, if a defendant files a post-sentence motion, the notice of appeal shall be filed within 30 days of the entry of the order deciding the motion). Therefore, we proceed to address counsel's petition to withdraw and the accompanying ***Anders*** brief, both alleging this appeal is frivolous.

"When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." ***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). To withdraw pursuant to ***Anders***, "counsel must file a brief that meets the requirements established by our Supreme Court in ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009)."

*Commonwealth v. Harden*, 103 A.3d 107, 110 (Pa. Super. 2014) (parallel citation omitted). Specifically, counsel's *Anders* brief must comply with the following requisites:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* (citation omitted). Pursuant to *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005), and its progeny, "[c]ounsel also must provide a copy of the *Anders* brief to his[, or her,] client." *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). The brief must be accompanied by a letter that advises the client of the option to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Id.* "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (citation and internal quotation marks omitted).

Instantly, Appellant's counsel satisfied the technical requirements of *Anders* and *Santiago*. In his *Anders* brief, counsel identified the pertinent factual and procedural history and made citation to the record. Counsel raises a claim challenging Appellant's sentence on the ground the sentence violated the negotiated plea agreement. Counsel notes that this claim could arguably support an appeal but, ultimately, counsel concludes the appeal is frivolous. Counsel also attached to his petition to withdraw a letter to Appellant that fulfills the notice requirements of *Millisock*. Appellant has not filed a response to counsel's letter, the *Anders* brief, or the petition to withdraw. Accordingly, we proceed to conduct an independent review of the record to determine whether the appeal is wholly frivolous.

In his *Anders* brief, counsel for Appellant challenges Appellant's sentence on the ground the trial court violated the terms of the negotiated plea agreement by ordering Appellant's aggregate sentence imposed in the instant case to run consecutively to a sentence Appellant was currently serving. *Anders* Brief at 5-13. At first glance, this claim appears to challenge the discretionary aspects of Appellant's sentence, namely whether the trial court abused its discretion in imposing a sentence that was set to run consecutively, rather than concurrently, to the sentence Appellant was already serving. An examination of Appellant's post-sentence motion and, in particular, the argument Appellant put forward at the February 3, 2022 hearing, however, demonstrates that Appellant petitioned the trial court to permit him to withdraw his guilty plea on the ground the trial court violated

- 13 -

the terms of the negotiated plea agreement.[17]  *See* N.T., 2/3/22, at 9 (stating, "I [(Appellant)] wanted to take my plea back because it was not what we agreed to.  So if you [(trial court)] can, I would like a fair trial.  I would like to go to trial on these cases please.").

"It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court" and, as such, this Court reviews a trial court order denying a motion to withdraw a guilty plea for an abuse of discretion.  *Commonwealth v. Hart*, 174 A.3d

_____

[17] We are cognizant that "where a defendant pleads guilty pursuant to a plea agreement specifying particular penalties, the defendant may not seek a discretionary appeal relating to those agreed-upon penalties." *Commonwealth v. Brown*, 982 A.2d 1017, 1019 (Pa. Super. 2009) (citation omitted) (stating that, "[p]ermitting a defendant to petition for such an appeal would undermine the integrity of the plea negotiation process and could ultimately deprive the Commonwealth of sentencing particulars for which it bargained"), *appeal denied*, 990 A.2d 726 (Pa. 2010).  Where the negotiated plea agreement specifies some but not all aspects of the sentence, *i.e.*, a "hybrid" guilty plea, a defendant may seek a discretionary appeal related to the aspects of the sentence that were not agreed upon in the negotiation process. *Commonwealth v. Heaster*, 171 A.3d 268, 271 (Pa. Super. 2017), *appeal denied*, 181 A.3d 1078 (Pa. 2018).

In the instant case, Appellant does not allege that the trial court, in fixing its sentence, abused its discretion by imposing consecutive, rather than concurrent, punishments for the aforementioned offenses.  Instead, in filing his post-sentence motion, Appellant alleged that he should be permitted to withdraw his guilty plea because he did not receive what he bargained for in the plea negotiation process, namely that the sentence in the instant case would run concurrently to the sentence Appellant was already serving.  As such, we decline to treat Appellant's appeal as raising a challenge to the discretionary aspect of his sentence.

660, 664 (Pa. Super. 2017), *relying on* **Commonwealth v. Broaden**, 980

A.2d 124 (Pa. Super. 2009), *appeal denied*, 992 A.2d 885 (Pa. 2010).

> Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing. When a defendant seeks to withdraw a plea after sentencing, he[, or she,] must demonstrate prejudice on the order of manifest injustice. [A] defendant may withdraw [the] guilty plea after sentencing only where necessary to correct manifest injustice. Thus, post-sentence motions for withdrawal are subject to higher scrutiny since the courts strive to discourage the entry of guilty pleas as sentence-testing devices.

**Hart**, 174 A.3d at 664 (citations and quotation marks omitted).

"Manifest injustice occurs when the plea is not tendered knowingly,

intelligently, voluntarily, and understandingly." **Id.** (citation omitted).

> In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he[, or she,] was doing, and the defendant bears the burden of proving otherwise.

**Id.** (citations and quotation marks omitted).

Here, at Appellant's January 12, 2022 sentencing hearing, after

summarizing the potential sentencing terms to which Appellant was exposed

for the aforementioned criminal offenses (**see** N.T., 1/12/22, at 8-9), the trial

court stated:

> The other part of this plea agreement, which is probably the most important, is that all these sentences run together or concurrently. Meaning, every day you spend in jail would count towards all four sentences. And, lastly, that however I decide to mix and match, I cannot impose a minimum period of incarceration greater than three years. If I went even one day over the 3-year minimum,

that would violate your plea agreement[.]  However, even though we have a fixed agreement between the lawyers on the minimum, there is no agreement on the maximum.  So, technically, if I wanted to, I could – for instance, if I ran the first case, the aggravated assault and the resisting arrest[,] consecutive[ly] and give you a 3-year minimum, I could make your maximum there up to 12 years[' incarceration.]

N.T., 1/12/22, at 9-10 (paragraph formatting modified).  Afterward, the trial court asked Appellant if he understood the terms of the negotiated plea agreement, to which Appellant responded in the affirmative.  *Id.*  Additionally, the following exchange occurred pertinent to Appellant's understanding of the negotiated plea agreement:

| | |
|---|---|
| [Commonwealth:] | Just so there's no confusion about and [Appellant] understands, the overall agreement would be for a flat fixed 36 months with the maximum up to Your Honor, and the highest maximum that I could see is 15 years.  If I'm understanding the plea correctly – and I just want to make sure that I'm on the same page – the worst case scenario for [Appellant] could be the 36-month minimum, which is agreed upon, and a 15-year maximum.  Just so that's clear for [Appellant] because it looked like maybe there was some confusion. |
| [Trial Court:] | . . . [Y]ou're right.  Fifteen years is the – |
| [Commonwealth:] | Is the highest max[imum]. |
| [Trial Court:] | You're right.  I could make everything run concurrently with that being the highest max[imum] there. |
| . . . | |
| [Trial Court:] | To make sure I have a complete understanding of the nature of this plea |

- 16 -

agreement, is there an agreement between counsel that these sentences [in the instant case] run concurrent[ly] to the sentence [Appellant is already serving]?

[Commonwealth:]     No. I think [Appellant's counsel] is asking for that, and I said I would – I'll remain silent on the situation, Judge. I'll leave it to your discretion but there's no agreement that it run concurrently.

[Trial Court:]     Certainly within these four cases, there's a package but no binding agreement with regard to [the] sentence [already imposed on Appellant].

[Commonwealth:]     That's correct.

[Appellant's counsel:]     . . . Yes, [Appellant] is already serving [a] sentence [in another case] and my request is going to be running [the sentence in the instant case] concurrently[.]

*Id.* at 16, 28-29. In imposing the individual sentences, as detailed *supra*, the trial court concluded by stating,

The sentence [in Case 3090-2021] also runs concurrent[ly] with that imposed in [Case 3089-2021, Case 1599-2021, and Case 1598-2021]. If I didn't already mention, [the sentence imposed in Case 3089-2021] also runs concurrent[ly] with the [sentence imposed in Case 1599-2021 and the sentence imposed in Case 1598-2021], but [the sentence imposed in Case 3089-2021] runs consecutive[ly] to any sentence currently being served by [Appellant].

*Id.* at 37. The trial court then asked the Commonwealth and Appellant's counsel if there was anything else to add, to which both the Commonwealth and counsel for Appellant replied in the negative. *Id.*

- 17 -

The foregoing exchange at Appellant's plea hearing reflects that the trial court possessed authority to impose a sentence at Case 3089-2021 consecutive to a term of imprisonment that Appellant was already serving. Based upon the totality of circumstances surrounding Appellant's entry into guilty pleas on the criminal offenses charged in this case, Appellant failed to demonstrate that his sentence differed with the terms of the negotiated plea agreement. The terms of the negotiated plea agreement included a minimum term of 3 years' incarceration with no agreed upon maximum, but an understanding that the potential maximum was 15 year's incarceration, and that the four sentences would run concurrently to each other but consecutively to the sentence Appellant was already serving. As such, Appellant entered a knowing, intelligent, voluntary plea and received the benefits to which he was entitled under the negotiated plea agreement.

Upon review, we conclude that the record supports counsel's assessment that Appellant's appeal is wholly frivolous. Moreover, our independent review of the entire record reveals no additional non-frivolous claims.[18] Therefore, we grant counsel's petition to withdraw and affirm the judgment of sentence.

---

[18] Even if the issue raised in Appellant's *pro se* post-sentence motion were viewed as a challenge to the discretionary aspects of sentence, this issue would be without arguable merit. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super 2013) (stating, "Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed"

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2023

---

(citation and original quotation marks omitted)), *appeal denied*, 77 A.3d 1258 (Pa. 2013).